## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KARISMAN  TAYLOR,

     Plaintiff,

v.                               No. CIV 02-0775  JB/RHS

TODD HUDSON and GERALD HICKS,
in their individual and official capacities,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion in Limine to Exclude Witness Testimony (Doc. 51).  The issue is whether the Court should exclude testimony of witnesses regarding prior interactions or altercations with the Plaintiff, Karisman Taylor.  Because the Defendants are attempting to introduce this evidence to prove Taylor's character in order to show action in conformity therewith, the Court will grant the motion and exclude this testimony.

## BACKGROUND

Taylor has brought this suit against the Defendants, Officers Todd Hudson ("Hudson") and Gerald Hicks ("Hicks"), with claims of assault, battery, false imprisonment, false arrest, malicious prosecution, and excessive force in violation of his constitutional rights.  The events giving rise to this action occurred on November 24, 2000, while Taylor was working at a retail store.  In response, the Defendants contend that Taylor was the initial aggressor who struck Hudson in the throat with his hand.  As a result of the ensuing struggle, Officer Greta Boyer received an injury to her eye, and

1

Hudson hurt his throat, head, and neck.  Hudson also had a large bleeding gash on his leg.  While Taylor did not show any signs of severe injury, medical personnel did flush his eyes with water following the Defendants' use of mace.

In the parties' Pre-Trial Order (Doc. 66), the Defendants have indicated that they may call, among others, the following witnesses at trial: Andrea DeLallata, Karen Impastato, Chris Brown, Larny Leivas, Sergio Tenenbaum, Ph.D, Todd Lovato, and Steven Machson.  See Pre-Trial Order at 11-12.  Taylor contends that these witnesses' testimony primarily deals with interactions and altercations that they had with him but which are not related to the facts of this case.  The Defendants confirm that these individuals have reported factually similar acts of violence by Taylor.  In particular, one instance took place at another retail store where Taylor worked and where he allegedly attacked his manager.

Thus, for purposes of this motion, the Court will assume the proposed testimony describes acts of violence committed by Taylor in which he was the initial aggressor.  The altercations about which the proposed witnesses intend to testify each happened sometime between 1999 and January, 2001.  The witnesses have no relationship to the Defendants, nor do they have any personal knowledge of the November 24, 2000 incident between Taylor and the Defendants.

Taylor presumes that the Defendants are proffering this testimony as evidence of prior acts that show Taylor's character, thereby prejudicing the jury against him.  Taylor contends that the Federal Rules of Evidence bar such testimony.  Specifically, Taylor asserts that the expected testimony of these witnesses is inadmissible under rule 404(b), which prohibits evidence of a person's other wrongs or acts to prove that person's character in order to show action in conformity therewith.  Taylor asks this Court to completely exclude these witnesses from testifying and to instruct the

Defendants and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any evidence of any altercations between Taylor and DeLallata, Impastato, Brown, Leivas, Tenenbaum, Lovato, and Machson.

The Defendants contend that Taylor's request to exclude any and all testimony on these matters is premature. They argue that this evidence may still be relevant and offered to impeach Taylor's trial testimony. Moreover, the Defendants contend that the federal courts are unanimous in holding that a plaintiff's character is admissible to show that the plaintiff was the initial aggressor in the incident giving rise to the case. The Defendants do not discuss rule 404(b), but contend that the evidence is admissible under rule 404(a).

## LEGAL AUTHORITY AND ANALYSIS

### I.    Rule 404(a)

Rule 404(a) sets forth the general rule that character evidence is not admissible to prove that a person acted in conformity with her or her character on a specific occasion. There are, however, certain exceptions in which such evidence will be allowed. The rule provides that:

> **(a) Character Evidence Generally. -** Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

> **(2) Character of Alleged Victim. -** Evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor.

Fed. R. Civ. P. 404(a)(2) (emphasis added).

Although the literal language of this exception addresses only criminal cases, the United States Court of Appeals for the Tenth Circuit has stated that, when the central issue in a civil case is criminal

in nature, the defendant may invoke the exceptions to rule 404(a).  See Perrin v. Anderson, 784 F.2d

1040, 1044 (10th Cir. 1986).   Accord Carson v. Polley, 689 F.2d 562, 575-76 (5th Cir. 1982)

(applying rule 404(a) exceptions in 42 U.S.C. § 1983 action alleging assault and battery); Crumpton

v. Confederation Life Ins. Co., 672 F.2d 1248, 1253 (5th Cir. 1982) (finding that exceptions to rule

404(a) apply in civil action focusing on whether a rape had occurred).  The Court of Appeals for the

Tenth Circuit noted in Perrin v. Anderson that the civil defendant, like the criminal defendant, stands

in a position of great peril.  See 784 F.2d at 1044 (citing E. Cleary, McCormick on Evidence § 192,

at 570-71 (3d ed. 1984)).  As the Tenth Circuit stated in Perrin v. Anderson:

> A verdict against the defendants in this case would be tantamount to finding that they
> killed Perrin without cause.  The resulting stigma warrants giving them the same
> opportunity to present a defense that a criminal defendant could present.  Accordingly
> we hold that the defendants were entitled to present evidence of Perrin's character
> from which the jury could infer that Perrin was the aggressor.  The self-defense claim
> raised in this case is not functionally different from a self-defense claim raised in a
> criminal case.

784 F.2d at 1044-1045.  Because Taylor's allegations in this case raise claims for assault and battery,

the Court assumes, without deciding, that rule 404(a) and its exceptions apply to this civil case.

In Perrin v. Anderson, the Tenth Circuit reviewed the admissibility of evidence similar to that

offered in this case to show that the plaintiff's decedent was the initial aggressor.  See id. at 1043-

1044.  In that case, the plaintiff, as administratrix of the decedent's estate and guardian of the

decedent's son, brought a 42 U.S.C. § 1983 civil rights action seeking compensatory and punitive

damages against defendant highway patrolmen for the deprivation of the decedent's civil rights when

the patrolmen shot and killed him.  See id. at 1043.  Pursuant to a jury verdict, the United States

District Court for the Western District of Oklahoma had entered judgment in favor of the patrolmen.

See id. at 1040.  The administratrix appealed.  See id.

On appeal, the administratrix argued that the district court erred in admitting testimony concerning the decedent's previous violent encounters with police under 404(a).  See id. at 1044. The Tenth Circuit held that the defendant officers had the right to present character evidence to show that the decedent was the initial aggressor.  See id. at 1045. The Tenth Circuit held, however, that the district court erred by allowing character evidence in the form of testimony about prior specific incidents, i.e., the previous violent encounters with police.  See id.  Looking to Federal Rule of Evidence 405, which establishes the permissible methods of proving character under Rule 404(a)(2), the court stated that "[w]hen character is used circumstantially, only reputation and opinion are acceptable forms of proof."  Id. (citing Fed. R. Evid. 405, advisory committee note).  The use of "evidence of a violent disposition to prove that the person was the aggressor in an affray" is circumstantial character evidence.  Fed. R. Evid. 404(a), advisory committee note.

A party may present testimony concerning specific instances of conduct only when "character is in issue in the 'strict sense.'"  Perrin v. Anderson, 784 F.2d at 1045 (quoting Fed. R. Evid. 405, advisory committee note).  "Character is directly in issue in the strict sense when it is 'a material fact that under the substantive law determines rights and liabilities of the parties.'"  Id. (quoting E. Cleary, McCormick on Evidence § 187, at 551 (3d ed. 1984)).  This will be the case in situations where character itself is an element of a claim or defense.  An example is the issue of the competency of the driver in an action for negligently entrusting a motor vehicle to an incompetent driver.  See Fed. R. Evid. 404, advisory committee note.  The Perrin v. Anderson court thus concluded that it had been error for the district court to rely upon the character evidence rules in permitting testimony about specific violent incidents involving the decedent.  See 784 F.2d at 1045.

In this case, the Defendants seek to use character testimony as circumstantial evidence to

5

establish that Taylor was the initial aggressor.  While the Defendants are correct that courts have

consistently allowed such evidence, it is important to note that proof has been limited to testimony

in the form of either reputation or opinion.  See United States v. Talamante, 981 F.2d 1153, 1156

(10th Cir. 1992); United States v. Piche, 981 F.2d 706, 713 (4th Cir. 1992).[1]  Proof in the form of

testimony regarding specific instances is unavailable in this case because Taylor's character is not at

issue in the "strict sense."  Thus, the proposed evidence is not within the scope of rule 404(a).

## II.   Rule 404(b)

Under rule 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the

character of  a person in order to show action in conformity therewith.  The rule goes on to list a

number of exceptions for which such evidence will be admissible.  Those exceptions include motive,

opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  See

---

[1] The Defendants cite a number of cases from other jurisdictions.  See Defendants' Response to Plaintiff's Motion in Limine to Exclude Witness Testimony at 4 n. 1.  These cases do not, however, support the proposition that the Court should allow evidence of specific instances to show Taylor's character under rule 404(a).  See United States v. Comerford, 857 F.2d 1323, 1324 (9th Cir. 1988) (finding that district court did not abuse discretion by excluding evidence of one victim's battery against second victim on basis that prejudical harm outweighed probative value); Lagasse v. Vestal, 671 F.2d 668, 669 (1st Cir. 1982) (interpreting district court's application of Maine Rule of Evidence); United States v. Gonzales, 907 F. Supp. 785, 794 (D. Del. 1995) (finding that defendant would not suffer prejudice from unavailability of character witnesses because victim's poor reputation for peacefulness was not relevant); United States v. Perez-Casillas, 607 F. Supp. 88, (D. P. R. 1985) (allowing testimony in the form of specific instances provided that defendants first make a proffer out of the presence of the jury in order to show a good faith basis and thus avoid the possibility of fabrication or false instances going before the jury).  The court in Evans v. United States, 277 F.2d 354, 355-356 (D.C. Cir. 1960), held that the district court erred in excluding testimony that the victim in a homicide case "was ill mentally, not insane . . . a lost soul who wanted to be with people, get along with the rest, and did not know how to do it; that at times, that he would like to drink and at times on drinking and otherwise he would even go to the extent of being psychotic, perhaps, and with her at least she would know-- acted belligerent and in a really bellicose type of manner."  This evidence, however, appears to be reputation or opinion evidence, not evidence of specific prior acts.  And the additional Tenth Circuit opinion that the Defendants cite does not apply to this case because it deals with a different rule of evidence.  See United States v. Galloway, 937 F.2d 542, 550 (Seymour, C.J., concurring) (addressing application of Federal Rule of Evidence 412 in criminal case involving sexual assault).

Fed. R. Civ. P. 404(b).  The Supreme Court of the United States enunciated a four-part test to determine whether this type of evidence is admissible under rule 404(b).  See Huddleston v. United States, 485 U.S. 681, 691-92 (1988).  The Tenth Circuit has consistently applied that test.

> To determine whether Rule 404(b) evidence was properly admitted we look to the four-part test set out by the Supreme Court in Huddleston v. United States . . . .  This test requires that: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed.R.Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

U.S. v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000).

When prior bad act evidence is both relevant and admissible for a proper purpose, "the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the [bad act]."  United States v. Morley, 199 F.3d 129, 133 (3d Cir. 1999).  The Tenth Circuit has also stated that district courts are required to "identify specifically the permissible purpose for which such evidence is offered and the inferences to be drawn therefrom."  U.S. v. Youts, 229 F.3d 1312, 1317 (10th Cir. 2000) (citing United States v. Kendall, 766 F.2d 1426, 1436 (10th Cir.1985)).  "[A] broad statement merely invoking or restating Rule 404(b) will not suffice."  Id.

Taylor contends that the Defendants cannot show any "chain of logical inferences" between the facts of this case and the witnesses' proposed testimony.  He argues that, to the contrary, the only logical link between such testimony and this case is an inference that Taylor has the propensity to commit the bad act.  Taylor maintains that the proposed testimony from these witnesses violates rule 404(b) and that the Court should exclude the testimony from trial.

7

The Court agrees with Taylor that the proposed testimony will come in, if at all, under 404(b), not 404(a).  And the Defendants have admitted that they seek to introduce the evidence to show Taylor acted in conformity with his character.  That is not a proper purpose, and the Defendants have not pointed to another purpose.  Thus, based on the current state of the record, the Court finds that the proposed testimony is inadmissible under rule 404(b).

## III.   <u>Rule 406</u>

A third potential source of admissibility for the proposed testimony is rule 406 governing evidence of habit.  <u>See</u> Fed. R. Evid. 406 ("Evidence of the habit of a person . . . is relevant to prove that the conduct of the person on a particular occasion was in conformity with the habit . . . .").  Habit "describes one's regular response to a repeated specific situation."   E. Cleary, <u>McCormick on Evidence</u> § 162, at 340.  Examples of habits include the following: "going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn, or of alighting from railway cars while they are moving.  The doing of the habitual acts may become <u>semi-automatic</u>."  <u>Id.</u> (emphasis added).

Although refusing to allow testimony regarding specific incidents as circumstantial character evidence, the Tenth Circuit in <u>Perrin v. Anderson</u> upheld the district court's decision to allow such testimony to establish habit.  <u>See</u> 784 F.2d at 1045-1046.  The court held that the limitations on the methods of proving character did not apply to habit evidence.  <u>See id.</u> at 1046.  The defendant made an offer of proof of testimony from eight different police officers regarding several different encounters with the police in which the decedent acted violently and aggressively.  <u>See id.</u>  The court noted that "[f]ive incidents ordinarily would be insufficient to establish the existence of a habit."  <u>Id.</u> (citing <u>Reyes v. Missouri Pacific Railway Co.</u>, 589 F.2d 791, 794-95 (5th Cir. 1979) (four convictions of public intoxication over a three and one-half year span was insufficient to prove habit)).  The court

in Perrin v. Anderson, however, appeared overwhelmed by the numerous instances in which the decedent acted with extreme violence toward police officers and the compete lack of evidence of any peaceful encounter.  See id.  Because the court found that the defendants demonstrated that the decedent "repeatedly reacted with extreme aggression when dealing with uniformed police officers," it allowed five incidents into evidence to show a habit of violence toward uniformed officers.  Id. at 1046.

This case, however, is different from Perrin v. Anderson.  In this case, the Defendants seek to present evidence from four different altercations involving Taylor.  The Defendants do not specifically argue that these episodes show a habit of aggressive behavior, but do assert that the Court should admit the evidence just as the court in Perrin admitted the habit evidence.  But any analogy between the two proffers of evidence fails.  First, the Perrin court admitted the testimony as habit evidence because the decedent was routinely violent and aggressive towards uniformed police officers and the defendants in that case were police officers.  The court also admitted the testimony because the plaintiff in that case could not put on any evidence to show that the decedent acted peacefully towards police officers.  In this case, none of the witnesses at issue are police officers, so they would not be able to show that Taylor habitually is aggressive toward police officers.  Furthermore, unlike the plaintiff in Perrin, Taylor has represented that he can easily produce numerous witnesses that would testify to his generally peaceful demeanor.  Under the standards in Perrin and Reyes, this proposed evidence falls short of proving habit.  It can hardly be argued that Taylor has a "semi-automatic" reaction of acting aggressively toward police officers.  E. Cleary, McCormick on Evidence § 162, at 340.  Thus, the proposed testimony is inadmissible under rule 406.

A motion to exclude any and all testimony may be premature.  This testimony may be relevant

to impeach Taylor, depending on his trial testimony.  A defendant may use evidence of a plaintiff's poor character to impeach testimony regarding his good character.  See Perrin v. Anderson, 784 F.2d at 1044.  However, Taylor has not put his character at issue, nor does he plan to do so at trial. Accordingly, based on the record before the Court, the Court will not allow the Defendants' proposed character witnesses to testify at trial.

**WHEREFORE, IT IS ORDERED** that the Plaintiff's Motion in Limine is granted and the Court will exclude Andrea DeLallata, Karen Impastato, Chris Brown, Larny Leivas, Sergio Tenenbaum, Ph.D, Todd Lovato, and Steven Machson from testifying.  The Court also instructs the Defendants and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any evidence of any altercations between Plaintiff Karisman Taylor and the individuals listed above.  If the Defendants believe that Taylor opens the door for this evidence and they need to impeach Taylor, they should approach the bench for a sidebar before attempting to use this evidence.


_____
UNITED STATES DISTRICT JUDGE




Sam Bregman
Bregman Law Firm, P.C.
Albuquerque, New Mexico

*Attorney for the Plaintiff*

10

Kenneth C. Downes
Rick Sandoval
Kenneth C. Downes & Associates, P.C.
Albuquerque, New Mexico

*Attorneys for the Defendants*