## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KARISMAN  TAYLOR,

        Plaintiff,

v.

                                      No. CIV 02-0775  JB/RHS

TODD HUDSON and GERALD HICKS,
in their individual and official capacities,

        Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Defendants' Motion in Limine No. II: Exclusion of Evidence of the Disposition of the Underlying Criminal Case Against Karisman Taylor (Doc. 80). The primary issues are whether evidence of the disposition of the criminal case against Taylor is relevant and, if so, whether admission of that evidence is unfairly prejudicial to the Defendants. Because the Court finds that Taylor's acquittal is not relevant to the issues remaining for trial, the Court will grant the Defendants' motion and exclude evidence of the disposition of the criminal case against Taylor.

### BACKGROUND

The Defendants have filed a motion under rule 104(c) of the Federal Rules of Evidence asking the Court to exclude any and all evidence at trial of the disposition of Taylor's underlying criminal case. The Defendants believe that, at trial, Taylor may attempt to support his false arrest claim by seeking to introduce the following evidence: Following a jury trial in state court, Taylor was acquitted of the felony charges against him for Aggravated Battery on a Police Officer. The Defendants contend that such evidence is no longer relevant in light of the fact that, on November

21, 2003, this Court dismissed Taylor's claim for malicious prosecution.

## ANALYSIS

## I.   THE COURT DOES NOT SEE THE RELEVANCE OF THE ACQUITTAL TO THE ISSUES REMAINING FOR TRIAL.

Taylor's remaining constitutional and tort claims concern the appropriateness of his arrest on the day of the incident and the amount of force involved.  The Defendants contend that the outcome of the criminal charges is irrelevant to these claims.  Neither Defendant filed the criminal charges. The criminal proceedings themselves are no longer at issue in this case, except perhaps to damages. The Defendants contend that, given the proceedings are no longer at issue, the disposition of the criminal proceedings that a third party initiated is no longer relevant.  The Defendants argue that the jury should not be allowed to consider them at trial.

The Federal Rules of Evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401. One of the primary issues at trial is whether the Defendants had probable cause to arrest Taylor.  The jury must determine, based on the evidence presented, whether the circumstances confronting the Defendants at the scene established probable cause for an arrest or not.  The Tenth Circuit has distinguished between the issues of probable cause and guilt or innocence, stating that, "[s]ince probable cause for a warrantless arrest is determined in terms of the circumstances confronting the arresting officer at the time of the seizure, the validity of such an arrest is not undermined by subsequent events in the suspect's criminal prosecution, such as dismissal of charges or acquittal." Pino v. Higgs, 75 F.3d 1461 (10th Cir. 1996)(citing Summers v. State of Utah, 927 F.2d 1165, 116-1167 (10th Cir. 1991)).

Given this conceptual separation between probable cause and guilt, the fact that another jury found Taylor not guilty of Aggravated Battery on a Police Officer does not make it more or less probable that the Defendants had reason to think probable cause for an arrest existed.

The Supreme Court of the United States has also noted that "there is no logical inconsistency between a finding of probable cause and an acquittal in a criminal proceeding." Withrow v. Larkin, 421 U.S. 35, 57 (1975)(cited in Gehl Group v. Koby, 63 F.3d 1528, 1536 n. 11 (10th Cir. 1995), overruled on other grounds by Patel v. Wooten, 15 Fed.Appx. 647, 651 n. 2 (10th Cir. 2001)). Thus, even if the jury in this case finds that probable cause did exist for Taylor's arrest, such a determination is compatible with the earlier determination of his innocence. The probable cause standard is a lesser standard than guilt beyond a reasonable doubt. See Borunda v. Richmond, 885 F.2d 1384, 1389 (9th Cir. 1988). Accordingly, the Court finds that a prior determination with respect to Taylor's innocence is irrelevant to the remaining issue of probable cause for his arrest.

Taylor argues that his acquittal is relevant to show the damages he suffered in connection with defending the criminal charges against him. Specifically, Taylor claims he is entitled to recover the cost of defending against those charges. The Court agrees that those costs may be a proper element of damages if the jury finds that Taylor was arrested without probable cause. In Borunda v. Richmond, the Ninth Circuit stated that "[t]he Borundas' expenditures for legal representation during the prior criminal proceeding most assuredly constitute economic harm. The reasonable amount of these expenditures, if proved to the jury's satisfaction to be the consequence of appellants' illegal conduct, is recoverable as compensatory damages." Id. at 1389-1390. The Court expects Taylor to present evidence that he defended against criminal charges in state court. The Court also expects him to present evidence regarding the monetary cost of that defense. The question of the admissibility

-3-

of the acquittal itself is a separate issue.

In support of his argument that the Court should admit the Order of Acquittal, Taylor relies on a case from the United States Court of Appeals for the Ninth Circuit in which evidence of the two plaintiffs' acquittals was admitted for the purpose of showing that they incurred damages in the form of attorney's fees in successfully defending against state criminal charges.  See Borunda v. Richmond, 885 F.2d at 1388.  While Taylor is correct that the Court of Appeals for the Ninth Circuit held that the district court had not abused its discretion in allowing evidence of the acquittal, the court left little doubt that it disagreed with the lower court's decision.  See id. at 1389 ("This court would have been inclined to exclude the evidence of acquittals altogether.  The fact that plaintiffs had been previously acquitted in the criminal case is far removed from establishing whether probable cause existed for their arrests.").  The Ninth Circuit went on to caution that "a trial court must exercise great care in formulating appropriate limiting instructions if it chooses to venture forth into this hazardous area." Id.

The Supreme Court of the United States, as well as the Ninth and Tenth Circuits, has stated that the issue of probable cause is unrelated to the ultimate issue of guilt or innocence.  That a state court jury found Taylor not guilty of Aggravated Battery on a Police Officer bears no relation to the issue whether the Defendants had probable cause to arrest Taylor on November 24, 2000.  The answer to that question depends on the circumstances present on that day, and a federal jury must determine that issue based solely upon evidence presented during the course of this trial.

## II.   THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES, AND MISLEADING THE JURY SUBSTANTIALLY OUTWEIGHS THE PROBATIVE VALUE OF THE PROFFERED EVIDENCE.

The Defendants also argue that, even assuming evidence of the acquittal is relevant, the

danger of unfair prejudice and confusion of the issues substantially outweighs its probative value.
Rule 403 reads in pertinent part: "Although relevant, evidence may be excluded if its probative value
is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading
the jury . . . ." Fed. R. Evid. 403. "The 'unfair prejudice' stated in Rule 403 cannot be equated with
testimony which is simply unfavorable to a party. It must be unfair in the sense that it would be
misleading and not aid and assist the jury in making a material determination in the case." McEwen
v. City of Norman, Okl., 926 F.2d 1539, 1549-50 (10th Cir. 1991).

Civil and criminal trials involving the same nucleus of common facts serve different purposes
and possess differing burdens of proof. Based on this rationale, the Ninth Circuit stated: "Evidence
of an acquittal is not generally admissible in a subsequent civil action between the same parties since
it constitutes a 'negative sort of conclusion lodged in a finding of failure of the prosecution to sustain
the burden of proof beyond a reasonable doubt.'" Borunda v. Richmond, 885 F.2d at 1387 (citing
S. Gard, 2 Jones on Evidence § 12:25, at 391 (6th ed. 1972)). Accordingly, "[t]he state's failure to
prove guilt beyond a reasonable doubt does not mean . . . that it did not meet the lesser probable
cause standard . . . ." Borunda v. Richmond, 885 F.2d at 1389 (citing United States v. Moses, 796
F.2d 281, 283 (9th Cir. 1986)).

In Borunda v. Richmond, the trial court allowed evidence of the acquittal into evidence. The
Ninth Circuit did not disturb that ruling on appeal, however, because the "[e]vidence of the acquittals
was admitted solely for the purpose of showing that the plaintiffs incurred damages in the form of
attorneys' fees in successfully defending against the state criminal charges." Id. at 1388. To limit the
jury's use of the evidence of the acquittals, the trial court in Borunda v. Richmond gave the jury the
following limiting instruction:

[E]vidence of the acquittals was presented "solely for the purpose of informing you
that [the plaintiffs] pled not guilty to each of the charges and that a jury, following a
trial, found each of them not guilty of those charges . . . .  You are to take that as part
of the evidence in this case but solely for the purpose that they tried the case and were
found not guilty and not for any other purpose."

Id.  Nevertheless, the Ninth Circuit observed that, even for that limited purpose, the potential for

prejudice was not insubstantial.  See id.  The court stated that "it would have been better had the trial

court specifically directed the jury not to consider the evidence of acquittals as proof of whether

probable cause for arrest existed."  Id. at 1388.

The same danger of prejudice exists in this case.  Armed with the knowledge that Taylor was

acquitted of the charges for which he was arrested, the jury might infer that the Defendants should

not have arrested Taylor.  Such an inference would be unduly prejudicial to the Defendants because

probable cause depends on the circumstances facing the officers at the time of the arrest.  Similarly,

knowledge of the acquittal may cause juror confusion.  Jurors may confuse the question whether

Taylor was actually guilty of the crimes for which he was arrested with the true standard of probable

cause -- whether "the facts and circumstances within the officers' knowledge  . . . [were] sufficient

in themselves to warrant a man of reasonable caution in the belief that an offense [had] been . . .

committed."  United States v. Edwards, 242 F.3d 928, 934 (10th Cir. 2001).

Moreover, the Court doubts that any limiting instruction can fully remove the fact of acquittal

in the criminal proceedings from the mind of the jury in this civil case.  Taylor's only argument with

respect to relevance has been that evidence of the acquittal should be admitted to prove the damages

suffered in defending the criminal charges against him.  Given the important distinctions between the

concepts of probable cause and guilt or innocence, the probative value of the evidence is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  Taylor

can establish his damages associated with the criminal trial by means other than introducing evidence that he was acquitted.

**WHEREFORE, IT IS ORDERED** that the Defendants' Motion in Limine No. II is granted, and the Court will exclude any and all evidence of the disposition of the criminal case against Plaintiff Karisman Taylor from evidence at trial.

_____
UNITED STATES DISTRICT JUDGE

Sam Bregman
Eric Loman
The Bregman Law Firm, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Kenneth C. Downes
Rick Sandoval
Kenneth C. Downes & Assoc., P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KARISMAN  TAYLOR,

       Plaintiff,

v.

                                               No. CIV 02-0775  JB/RHS

TODD HUDSON and GERALD HICKS,
in their individual and official capacities,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the Defendants' Motion in Limine No. II: Exclusion of Evidence of the Disposition of the Underlying Criminal Case Against Karisman Taylor (Doc. 80).  The primary issues are whether evidence of the disposition of the criminal case against Taylor is relevant and, if so, whether admission of that evidence is unfairly prejudicial to the Defendants.  Because the Court finds that Taylor's acquittal is not relevant to the issues remaining for trial, the Court will grant the Defendants' motion and exclude evidence of the disposition of the criminal case against Taylor.

**BACKGROUND**

The Defendants have filed a motion under rule 104(c) of the Federal Rules of Evidence asking the Court to exclude any and all evidence at trial of the disposition of Taylor's underlying criminal case.  The Defendants believe that, at trial, Taylor may attempt to support his false arrest claim by seeking to introduce the following evidence:  Following a jury trial in state court, Taylor was acquitted of the felony charges against him for Aggravated Battery on a Police Officer.  The Defendants contend that such evidence is no longer relevant in light of the fact that, on November

21, 2003, this Court dismissed Taylor's claim for malicious prosecution.

## ANALYSIS

### I.   THE COURT DOES NOT SEE THE RELEVANCE OF THE ACQUITTAL TO THE ISSUES REMAINING FOR TRIAL.

Taylor's remaining constitutional and tort claims concern the appropriateness of his arrest on the day of the incident and the amount of force involved.  The Defendants contend that the outcome of the criminal charges is irrelevant to these claims.  Neither Defendant filed the criminal charges. The criminal proceedings themselves are no longer at issue in this case, except perhaps to damages. The Defendants contend that, given the proceedings are no longer at issue, the disposition of the criminal proceedings that a third party initiated is no longer relevant.  The Defendants argue that the jury should not be allowed to consider them at trial.

The Federal Rules of Evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401. One of the primary issues at trial is whether the Defendants had probable cause to arrest Taylor.  The jury must determine, based on the evidence presented, whether the circumstances confronting the Defendants at the scene established probable cause for an arrest or not.  The Tenth Circuit has distinguished between the issues of probable cause and guilt or innocence, stating that, "[s]ince probable cause for a warrantless arrest is determined in terms of the circumstances confronting the arresting officer at the time of the seizure, the validity of such an arrest is not undermined by subsequent events in the suspect's criminal prosecution, such as dismissal of charges or acquittal."  Pino v. Higgs, 75 F.3d 1461 (10th Cir. 1996)(citing Summers v. State of Utah, 927 F.2d 1165, 116-1167 (10th Cir. 1991)).

Given this conceptual separation between probable cause and guilt, the fact that another jury found Taylor not guilty of Aggravated Battery on a Police Officer does not make it more or less probable that the Defendants had reason to think probable cause for an arrest existed.

The Supreme Court of the United States has also noted that "there is no logical inconsistency between a finding of probable cause and an acquittal in a criminal proceeding." Withrow v. Larkin, 421 U.S. 35, 57 (1975)(cited in Gehl Group v. Koby, 63 F.3d 1528, 1536 n. 11 (10th Cir. 1995), overruled on other grounds by Patel v. Wooten, 15 Fed.Appx. 647, 651 n. 2 (10th Cir. 2001)). Thus, even if the jury in this case finds that probable cause did exist for Taylor's arrest, such a determination is compatible with the earlier determination of his innocence. The probable cause standard is a lesser standard than guilt beyond a reasonable doubt. See Borunda v. Richmond, 885 F.2d 1384, 1389 (9th Cir. 1988). Accordingly, the Court finds that a prior determination with respect to Taylor's innocence is irrelevant to the remaining issue of probable cause for his arrest.

Taylor argues that his acquittal is relevant to show the damages he suffered in connection with defending the criminal charges against him. Specifically, Taylor claims he is entitled to recover the cost of defending against those charges. The Court agrees that those costs may be a proper element of damages if the jury finds that Taylor was arrested without probable cause. In Borunda v. Richmond, the Ninth Circuit stated that "[t]he Borundas' expenditures for legal representation during the prior criminal proceeding most assuredly constitute economic harm. The reasonable amount of these expenditures, if proved to the jury's satisfaction to be the consequence of appellants' illegal conduct, is recoverable as compensatory damages." Id. at 1389-1390. The Court expects Taylor to present evidence that he defended against criminal charges in state court. The Court also expects him to present evidence regarding the monetary cost of that defense. The question of the admissibility

-3-

of the acquittal itself is a separate issue.

In support of his argument that the Court should admit the Order of Acquittal, Taylor relies on a case from the United States Court of Appeals for the Ninth Circuit in which evidence of the two plaintiffs' acquittals was admitted for the purpose of showing that they incurred damages in the form of attorney's fees in successfully defending against state criminal charges. See Borunda v. Richmond, 885 F.2d at 1388.  While Taylor is correct that the Court of Appeals for the Ninth Circuit held that the district court had not abused its discretion in allowing evidence of the acquittal, the court left little doubt that it disagreed with the lower court's decision.  See id. at 1389 ("This court would have been inclined to exclude the evidence of acquittals altogether.  The fact that plaintiffs had been previously acquitted in the criminal case is far removed from establishing whether probable cause existed for their arrests.").  The Ninth Circuit went on to caution that "a trial court must exercise great care in formulating appropriate limiting instructions if it chooses to venture forth into this hazardous area." Id.

The Supreme Court of the United States, as well as the Ninth and Tenth Circuits, has stated that the issue of probable cause is unrelated to the ultimate issue of guilt or innocence.  That a state court jury found Taylor not guilty of Aggravated Battery on a Police Officer bears no relation to the issue whether the Defendants had probable cause to arrest Taylor on November 24, 2000.  The answer to that question depends on the circumstances present on that day, and a federal jury must determine that issue based solely upon evidence presented during the course of this trial.

## II.    THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES, AND MISLEADING THE JURY SUBSTANTIALLY OUTWEIGHS THE PROBATIVE VALUE OF THE PROFFERED EVIDENCE.

The Defendants also argue that, even assuming evidence of the acquittal is relevant, the

-4-

danger of unfair prejudice and confusion of the issues substantially outweighs its probative value. Rule 403 reads in pertinent part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. "The 'unfair prejudice' stated in Rule 403 cannot be equated with testimony which is simply unfavorable to a party. It must be unfair in the sense that it would be misleading and not aid and assist the jury in making a material determination in the case." McEwen v. City of Norman, Okl., 926 F.2d 1539, 1549-50 (10th Cir. 1991).

Civil and criminal trials involving the same nucleus of common facts serve different purposes and possess differing burdens of proof. Based on this rationale, the Ninth Circuit stated: "Evidence of an acquittal is not generally admissible in a subsequent civil action between the same parties since it constitutes a 'negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt.'" Borunda v. Richmond, 885 F.2d at 1387 (citing S. Gard, 2 Jones on Evidence § 12:25, at 391 (6th ed. 1972)). Accordingly, "[t]he state's failure to prove guilt beyond a reasonable doubt does not mean . . . that it did not meet the lesser probable cause standard . . . ." Borunda v. Richmond, 885 F.2d at 1389 (citing United States v. Moses, 796 F.2d 281, 283 (9th Cir. 1986)).

In Borunda v. Richmond, the trial court allowed evidence of the acquittal into evidence. The Ninth Circuit did not disturb that ruling on appeal, however, because the "[e]vidence of the acquittals was admitted solely for the purpose of showing that the plaintiffs incurred damages in the form of attorneys' fees in successfully defending against the state criminal charges." Id. at 1388. To limit the jury's use of the evidence of the acquittals, the trial court in Borunda v. Richmond gave the jury the following limiting instruction:

-5-

> [E]vidence of the acquittals was presented "solely for the purpose of informing you
> that [the plaintiffs] pled not guilty to each of the charges and that a jury, following a
> trial, found each of them not guilty of those charges . . . .  You are to take that as part
> of the evidence in this case but solely for the purpose that they tried the case and were
> found not guilty and not for any other purpose."

Id.  Nevertheless, the Ninth Circuit observed that, even for that limited purpose, the potential for

prejudice was not insubstantial.  See id.  The court stated that "it would have been better had the trial

court specifically directed the jury not to consider the evidence of acquittals as proof of whether

probable cause for arrest existed."  Id. at 1388.

The same danger of prejudice exists in this case.  Armed with the knowledge that Taylor was

acquitted of the charges for which he was arrested, the jury might infer that the Defendants should

not have arrested Taylor.  Such an inference would be unduly prejudicial to the Defendants because

probable cause depends on the circumstances facing the officers at the time of the arrest.  Similarly,

knowledge of the acquittal may cause juror confusion.  Jurors may confuse the question whether

Taylor was actually guilty of the crimes for which he was arrested with the true standard of probable

cause -- whether "the facts and circumstances within the officers' knowledge  . . . [were] sufficient

in themselves to warrant a man of reasonable caution in the belief that an offense [had] been . . .

committed."  United States v. Edwards, 242 F.3d 928, 934 (10th Cir. 2001).

Moreover, the Court doubts that any limiting instruction can fully remove the fact of acquittal

in the criminal proceedings from the mind of the jury in this civil case.  Taylor's only argument with

respect to relevance has been that evidence of the acquittal should be admitted to prove the damages

suffered in defending the criminal charges against him.  Given the important distinctions between the

concepts of probable cause and guilt or innocence, the probative value of the evidence is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  Taylor

can establish his damages associated with the criminal trial by means other than introducing evidence

that he was acquitted.

      **WHEREFORE, IT IS ORDERED** that the Defendants' Motion in Limine No. II is granted,

and the Court will exclude any and all evidence of the disposition of the criminal case against Plaintiff

Karisman Taylor from evidence at trial.

 

_____

UNITED STATES DISTRICT JUDGE

Sam Bregman
Eric Loman
The Bregman Law Firm, P.C.
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Kenneth C. Downes
Rick Sandoval
Kenneth C. Downes & Assoc., P.C.
Albuquerque, New Mexico

     *Attorneys for the Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KARISMAN  TAYLOR,

        Plaintiff,

v.

                                                No. CIV 02-0775  JB/RHS

TODD HUDSON and GERALD HICKS,
in their individual and official capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Defendants' Motion in Limine No. II: Exclusion of Evidence of the Disposition of the Underlying Criminal Case Against Karisman Taylor (Doc. 80).  The primary issues are whether evidence of the disposition of the criminal case against Taylor is relevant and, if so, whether admission of that evidence is unfairly prejudicial to the Defendants.  Because the Court finds that Taylor's acquittal is not relevant to the issues remaining for trial, the Court will grant the Defendants' motion and exclude evidence of the disposition of the criminal case against Taylor.

## BACKGROUND

The Defendants have filed a motion under rule 104(c) of the Federal Rules of Evidence asking the Court to exclude any and all evidence at trial of the disposition of Taylor's underlying criminal case.  The Defendants believe that, at trial, Taylor may attempt to support his false arrest claim by seeking to introduce the following evidence:  Following a jury trial in state court, Taylor was acquitted of the felony charges against him for Aggravated Battery on a Police Officer.  The Defendants contend that such evidence is no longer relevant in light of the fact that, on November

21, 2003, this Court dismissed Taylor's claim for malicious prosecution.

## ANALYSIS

I. **THE COURT DOES NOT SEE THE RELEVANCE OF THE ACQUITTAL TO THE ISSUES REMAINING FOR TRIAL.**

Taylor's remaining constitutional and tort claims concern the appropriateness of his arrest on the day of the incident and the amount of force involved. The Defendants contend that the outcome of the criminal charges is irrelevant to these claims. Neither Defendant filed the criminal charges. The criminal proceedings themselves are no longer at issue in this case, except perhaps to damages. The Defendants contend that, given the proceedings are no longer at issue, the disposition of the criminal proceedings that a third party initiated is no longer relevant. The Defendants argue that the jury should not be allowed to consider them at trial.

The Federal Rules of Evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. One of the primary issues at trial is whether the Defendants had probable cause to arrest Taylor. The jury must determine, based on the evidence presented, whether the circumstances confronting the Defendants at the scene established probable cause for an arrest or not. The Tenth Circuit has distinguished between the issues of probable cause and guilt or innocence, stating that, "[s]ince probable cause for a warrantless arrest is determined in terms of the circumstances confronting the arresting officer at the time of the seizure, the validity of such an arrest is not undermined by subsequent events in the suspect's criminal prosecution, such as dismissal of charges or acquittal." Pino v. Higgs, 75 F.3d 1461 (10th Cir. 1996)(citing Summers v. State of Utah, 927 F.2d 1165, 116-1167 (10th Cir. 1991)).

Given this conceptual separation between probable cause and guilt, the fact that another jury found Taylor not guilty of Aggravated Battery on a Police Officer does not make it more or less probable that the Defendants had reason to think probable cause for an arrest existed.

The Supreme Court of the United States has also noted that "there is no logical inconsistency between a finding of probable cause and an acquittal in a criminal proceeding." Withrow v. Larkin, 421 U.S. 35, 57 (1975)(cited in Gehl Group v. Koby, 63 F.3d 1528, 1536 n. 11 (10th Cir. 1995), overruled on other grounds by Patel v. Wooten, 15 Fed.Appx. 647, 651 n. 2 (10th Cir. 2001)). Thus, even if the jury in this case finds that probable cause did exist for Taylor's arrest, such a determination is compatible with the earlier determination of his innocence. The probable cause standard is a lesser standard than guilt beyond a reasonable doubt. See Borunda v. Richmond, 885 F.2d 1384, 1389 (9th Cir. 1988). Accordingly, the Court finds that a prior determination with respect to Taylor's innocence is irrelevant to the remaining issue of probable cause for his arrest.

Taylor argues that his acquittal is relevant to show the damages he suffered in connection with defending the criminal charges against him. Specifically, Taylor claims he is entitled to recover the cost of defending against those charges. The Court agrees that those costs may be a proper element of damages if the jury finds that Taylor was arrested without probable cause. In Borunda v. Richmond, the Ninth Circuit stated that "[t]he Borundas' expenditures for legal representation during the prior criminal proceeding most assuredly constitute economic harm. The reasonable amount of these expenditures, if proved to the jury's satisfaction to be the consequence of appellants' illegal conduct, is recoverable as compensatory damages." Id. at 1389-1390. The Court expects Taylor to present evidence that he defended against criminal charges in state court. The Court also expects him to present evidence regarding the monetary cost of that defense. The question of the admissibility

-3-

of the acquittal itself is a separate issue.

In support of his argument that the Court should admit the Order of Acquittal, Taylor relies on a case from the United States Court of Appeals for the Ninth Circuit in which evidence of the two plaintiffs' acquittals was admitted for the purpose of showing that they incurred damages in the form of attorney's fees in successfully defending against state criminal charges.  See Borunda v. Richmond, 885 F.2d at 1388.  While Taylor is correct that the Court of Appeals for the Ninth Circuit held that the district court had not abused its discretion in allowing evidence of the acquittal, the court left little doubt that it disagreed with the lower court's decision.  See id. at 1389 ("This court would have been inclined to exclude the evidence of acquittals altogether.  The fact that plaintiffs had been previously acquitted in the criminal case is far removed from establishing whether probable cause existed for their arrests.").  The Ninth Circuit went on to caution that "a trial court must exercise great care in formulating appropriate limiting instructions if it chooses to venture forth into this hazardous area." Id.

The Supreme Court of the United States, as well as the Ninth and Tenth Circuits, has stated that the issue of probable cause is unrelated to the ultimate issue of guilt or innocence.  That a state court jury found Taylor not guilty of Aggravated Battery on a Police Officer bears no relation to the issue whether the Defendants had probable cause to arrest Taylor on November 24, 2000.  The answer to that question depends on the circumstances present on that day, and a federal jury must determine that issue based solely upon evidence presented during the course of this trial.

## II.   THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES, AND MISLEADING THE JURY SUBSTANTIALLY OUTWEIGHS THE PROBATIVE VALUE OF THE PROFFERED EVIDENCE.

The Defendants also argue that, even assuming evidence of the acquittal is relevant, the

-4-

danger of unfair prejudice and confusion of the issues substantially outweighs its probative value. Rule 403 reads in pertinent part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.  "The 'unfair prejudice' stated in Rule 403 cannot be equated with testimony which is simply unfavorable to a party.  It must be unfair in the sense that it would be misleading and not aid and assist the jury in making a material determination in the case." McEwen v. City of Norman, Okl., 926 F.2d 1539, 1549-50 (10th Cir. 1991).

Civil and criminal trials involving the same nucleus of common facts serve different purposes and possess differing burdens of proof.  Based on this rationale, the Ninth Circuit stated: "Evidence of an acquittal is not generally admissible in a subsequent civil action between the same parties since it constitutes a 'negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt.'" Borunda v. Richmond, 885 F.2d at 1387 (citing S. Gard, 2 Jones on Evidence § 12:25, at 391 (6th ed. 1972)).  Accordingly, "[t]he state's failure to prove guilt beyond a reasonable doubt does not mean . . . that it did not meet the lesser probable cause standard . . . ." Borunda v. Richmond, 885 F.2d at 1389 (citing United States v. Moses, 796 F.2d 281, 283 (9th Cir. 1986)).

In Borunda v. Richmond, the trial court allowed evidence of the acquittal into evidence.  The Ninth Circuit did not disturb that ruling on appeal, however, because the "[e]vidence of the acquittals was admitted solely for the purpose of showing that the plaintiffs incurred damages in the form of attorneys' fees in successfully defending against the state criminal charges." Id. at 1388.  To limit the jury's use of the evidence of the acquittals, the trial court in Borunda v. Richmond gave the jury the following limiting instruction:

> [E]vidence of the acquittals was presented "solely for the purpose of informing you
> that [the plaintiffs] pled not guilty to each of the charges and that a jury, following a
> trial, found each of them not guilty of those charges . . . .  You are to take that as part
> of the evidence in this case but solely for the purpose that they tried the case and were
> found not guilty and not for any other purpose."

Id.  Nevertheless, the Ninth Circuit observed that, even for that limited purpose, the potential for

prejudice was not insubstantial.  See id.  The court stated that "it would have been better had the trial

court specifically directed the jury not to consider the evidence of acquittals as proof of whether

probable cause for arrest existed."  Id. at 1388.

The same danger of prejudice exists in this case.  Armed with the knowledge that Taylor was

acquitted of the charges for which he was arrested, the jury might infer that the Defendants should

not have arrested Taylor.  Such an inference would be unduly prejudicial to the Defendants because

probable cause depends on the circumstances facing the officers at the time of the arrest.  Similarly,

knowledge of the acquittal may cause juror confusion.  Jurors may confuse the question whether

Taylor was actually guilty of the crimes for which he was arrested with the true standard of probable

cause -- whether "the facts and circumstances within the officers' knowledge  . . . [were] sufficient

in themselves to warrant a man of reasonable caution in the belief that an offense [had] been . . .

committed."  United States v. Edwards, 242 F.3d 928, 934 (10th Cir. 2001).

Moreover, the Court doubts that any limiting instruction can fully remove the fact of acquittal

in the criminal proceedings from the mind of the jury in this civil case.  Taylor's only argument with

respect to relevance has been that evidence of the acquittal should be admitted to prove the damages

suffered in defending the criminal charges against him.  Given the important distinctions between the

concepts of probable cause and guilt or innocence, the probative value of the evidence is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  Taylor

can establish his damages associated with the criminal trial by means other than introducing evidence that he was acquitted.

**WHEREFORE, IT IS ORDERED** that the Defendants' Motion in Limine No. II is granted, and the Court will exclude any and all evidence of the disposition of the criminal case against Plaintiff Karisman Taylor from evidence at trial.

_____
UNITED STATES DISTRICT JUDGE

Sam Bregman
Eric Loman
The Bregman Law Firm, P.C.
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Kenneth C. Downes
Rick Sandoval
Kenneth C. Downes & Assoc., P.C.
Albuquerque, New Mexico

     *Attorneys for the Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KARISMAN  TAYLOR,

         Plaintiff,

v.

                                        No. CIV 02-0775  JB/RHS

TODD HUDSON and GERALD HICKS,
in their individual and official capacities,

         Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the Defendants' Motion in Limine No. II: Exclusion of Evidence of the Disposition of the Underlying Criminal Case Against Karisman Taylor (Doc. 80). The primary issues are whether evidence of the disposition of the criminal case against Taylor is relevant and, if so, whether admission of that evidence is unfairly prejudicial to the Defendants. Because the Court finds that Taylor's acquittal is not relevant to the issues remaining for trial, the Court will grant the Defendants' motion and exclude evidence of the disposition of the criminal case against Taylor.

**BACKGROUND**

The Defendants have filed a motion under rule 104(c) of the Federal Rules of Evidence asking the Court to exclude any and all evidence at trial of the disposition of Taylor's underlying criminal case. The Defendants believe that, at trial, Taylor may attempt to support his false arrest claim by seeking to introduce the following evidence: Following a jury trial in state court, Taylor was acquitted of the felony charges against him for Aggravated Battery on a Police Officer. The Defendants contend that such evidence is no longer relevant in light of the fact that, on November

21, 2003, this Court dismissed Taylor's claim for malicious prosecution.

## ANALYSIS

### I.   THE COURT DOES NOT SEE THE RELEVANCE OF THE ACQUITTAL TO THE ISSUES REMAINING FOR TRIAL.

Taylor's remaining constitutional and tort claims concern the appropriateness of his arrest on the day of the incident and the amount of force involved.  The Defendants contend that the outcome of the criminal charges is irrelevant to these claims.  Neither Defendant filed the criminal charges. The criminal proceedings themselves are no longer at issue in this case, except perhaps to damages. The Defendants contend that, given the proceedings are no longer at issue, the disposition of the criminal proceedings that a third party initiated is no longer relevant.  The Defendants argue that the jury should not be allowed to consider them at trial.

The Federal Rules of Evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401. One of the primary issues at trial is whether the Defendants had probable cause to arrest Taylor.  The jury must determine, based on the evidence presented, whether the circumstances confronting the Defendants at the scene established probable cause for an arrest or not.  The Tenth Circuit has distinguished between the issues of probable cause and guilt or innocence, stating that, "[s]ince probable cause for a warrantless arrest is determined in terms of the circumstances confronting the arresting officer at the time of the seizure, the validity of such an arrest is not undermined by subsequent events in the suspect's criminal prosecution, such as dismissal of charges or acquittal."  Pino v. Higgs, 75 F.3d 1461 (10th Cir. 1996)(citing Summers v. State of Utah, 927 F.2d 1165, 116-1167 (10th Cir. 1991)).

Given this conceptual separation between probable cause and guilt, the fact that another jury found Taylor not guilty of Aggravated Battery on a Police Officer does not make it more or less probable that the Defendants had reason to think probable cause for an arrest existed.

The Supreme Court of the United States has also noted that "there is no logical inconsistency between a finding of probable cause and an acquittal in a criminal proceeding." Withrow v. Larkin, 421 U.S. 35, 57 (1975)(cited in Gehl Group v. Koby, 63 F.3d 1528, 1536 n. 11 (10th Cir. 1995), overruled on other grounds by Patel v. Wooten, 15 Fed.Appx. 647, 651 n. 2 (10th Cir. 2001)).  Thus, even if the jury in this case finds that probable cause did exist for Taylor's arrest, such a determination is compatible with the earlier determination of his innocence.  The probable cause standard is a lesser standard than guilt beyond a reasonable doubt.  See Borunda v. Richmond, 885 F.2d 1384, 1389 (9th Cir. 1988).   Accordingly, the Court finds that a prior determination with respect to Taylor's innocence is irrelevant to the remaining issue of probable cause for his arrest.

Taylor argues that his acquittal is relevant to show the damages he suffered in connection with defending the criminal charges against him.  Specifically, Taylor claims he is entitled to recover the cost of defending against those charges.  The Court agrees that those costs may be a proper element of damages if the jury finds that Taylor was arrested without probable cause.  In Borunda v. Richmond, the Ninth Circuit stated that "[t]he Borundas' expenditures for legal representation during the prior criminal proceeding most assuredly constitute economic harm. The reasonable amount of these expenditures, if proved to the jury's satisfaction to be the consequence of appellants' illegal conduct, is recoverable as compensatory damages." Id. at 1389-1390.  The Court expects Taylor to present evidence that he defended against criminal charges in state court.  The Court also expects him to present evidence regarding the monetary cost of that defense.  The question of the admissibility

-3-

of the acquittal itself is a separate issue.

In support of his argument that the Court should admit the Order of Acquittal, Taylor relies on a case from the United States Court of Appeals for the Ninth Circuit in which evidence of the two plaintiffs' acquittals was admitted for the purpose of showing that they incurred damages in the form of attorney's fees in successfully defending against state criminal charges. See Borunda v. Richmond, 885 F.2d at 1388. While Taylor is correct that the Court of Appeals for the Ninth Circuit held that the district court had not abused its discretion in allowing evidence of the acquittal, the court left little doubt that it disagreed with the lower court's decision. See id. at 1389 ("This court would have been inclined to exclude the evidence of acquittals altogether. The fact that plaintiffs had been previously acquitted in the criminal case is far removed from establishing whether probable cause existed for their arrests."). The Ninth Circuit went on to caution that "a trial court must exercise great care in formulating appropriate limiting instructions if it chooses to venture forth into this hazardous area." Id.

The Supreme Court of the United States, as well as the Ninth and Tenth Circuits, has stated that the issue of probable cause is unrelated to the ultimate issue of guilt or innocence. That a state court jury found Taylor not guilty of Aggravated Battery on a Police Officer bears no relation to the issue whether the Defendants had probable cause to arrest Taylor on November 24, 2000. The answer to that question depends on the circumstances present on that day, and a federal jury must determine that issue based solely upon evidence presented during the course of this trial.

## II.   THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES, AND MISLEADING THE JURY SUBSTANTIALLY OUTWEIGHS THE PROBATIVE VALUE OF THE PROFFERED EVIDENCE.

The Defendants also argue that, even assuming evidence of the acquittal is relevant, the

danger of unfair prejudice and confusion of the issues substantially outweighs its probative value. Rule 403 reads in pertinent part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.  "The 'unfair prejudice' stated in Rule 403 cannot be equated with testimony which is simply unfavorable to a party.  It must be unfair in the sense that it would be misleading and not aid and assist the jury in making a material determination in the case." McEwen v. City of Norman, Okl., 926 F.2d 1539, 1549-50 (10th Cir. 1991).

Civil and criminal trials involving the same nucleus of common facts serve different purposes and possess differing burdens of proof.  Based on this rationale, the Ninth Circuit stated: "Evidence of an acquittal is not generally admissible in a subsequent civil action between the same parties since it constitutes a 'negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt.'" Borunda v. Richmond, 885 F.2d at 1387 (citing S. Gard, 2 Jones on Evidence § 12:25, at 391 (6th ed. 1972)).  Accordingly, "[t]he state's failure to prove guilt beyond a reasonable doubt does not mean . . . that it did not meet the lesser probable cause standard . . . ." Borunda v. Richmond, 885 F.2d at 1389 (citing United States v. Moses, 796 F.2d 281, 283 (9th Cir. 1986)).

In Borunda v. Richmond, the trial court allowed evidence of the acquittal into evidence.  The Ninth Circuit did not disturb that ruling on appeal, however, because the "[e]vidence of the acquittals was admitted solely for the purpose of showing that the plaintiffs incurred damages in the form of attorneys' fees in successfully defending against the state criminal charges." Id. at 1388.  To limit the jury's use of the evidence of the acquittals, the trial court in Borunda v. Richmond gave the jury the following limiting instruction:

> [E]vidence of the acquittals was presented "solely for the purpose of informing you
> that [the plaintiffs] pled not guilty to each of the charges and that a jury, following a
> trial, found each of them not guilty of those charges . . . .  You are to take that as part
> of the evidence in this case but solely for the purpose that they tried the case and were
> found not guilty and not for any other purpose."

Id.  Nevertheless, the Ninth Circuit observed that, even for that limited purpose, the potential for

prejudice was not insubstantial.  See id.  The court stated that "it would have been better had the trial

court specifically directed the jury not to consider the evidence of acquittals as proof of whether

probable cause for arrest existed."  Id. at 1388.

The same danger of prejudice exists in this case.  Armed with the knowledge that Taylor was

acquitted of the charges for which he was arrested, the jury might infer that the Defendants should

not have arrested Taylor.  Such an inference would be unduly prejudicial to the Defendants because

probable cause depends on the circumstances facing the officers at the time of the arrest.  Similarly,

knowledge of the acquittal may cause juror confusion.  Jurors may confuse the question whether

Taylor was actually guilty of the crimes for which he was arrested with the true standard of probable

cause -- whether "the facts and circumstances within the officers' knowledge  . . . [were] sufficient

in themselves to warrant a man of reasonable caution in the belief that an offense [had] been . . .

committed."  United States v. Edwards, 242 F.3d 928, 934 (10th Cir. 2001).

Moreover, the Court doubts that any limiting instruction can fully remove the fact of acquittal

in the criminal proceedings from the mind of the jury in this civil case.  Taylor's only argument with

respect to relevance has been that evidence of the acquittal should be admitted to prove the damages

suffered in defending the criminal charges against him.  Given the important distinctions between the

concepts of probable cause and guilt or innocence, the probative value of the evidence is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  Taylor

can establish his damages associated with the criminal trial by means other than introducing evidence that he was acquitted.

   **WHEREFORE, IT IS ORDERED** that the Defendants' Motion in Limine No. II is granted, and the Court will exclude any and all evidence of the disposition of the criminal case against Plaintiff Karisman Taylor from evidence at trial.

_____
UNITED STATES DISTRICT JUDGE

Sam Bregman
Eric Loman
The Bregman Law Firm, P.C.
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Kenneth C. Downes
Rick Sandoval
Kenneth C. Downes & Assoc., P.C.
Albuquerque, New Mexico

   *Attorneys for the Defendants*