IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KARISMAN TAYLOR,

       Plaintiff,

v.

                                       No. CIV 02-0775 JB/RHS

TODD HUDSON and GERALD HICKS,
in their individual capacities,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on two of the Defendants' oral motions during trial: (i) to include an instruction regarding the elements of assault on a peace officer; and (ii) to exclude mention of the attorney's fees incurred by the Plaintiff during defense of the underlying criminal trial when instructing the jury on damages. The primary issues are (i) whether the related offense doctrine provides a basis for an instruction on the elements of a crime with which the Plaintiff was not charged and (ii) whether attorney's fees from the criminal trial are an appropriate element of damages in the absence of a claim for malicious prosecution. The Court finds that the related offense doctrine does not provide an adequate basis for instructing the jury on crimes beyond those with which the Plaintiff was actually charged and that damages for attorney's fees in defense of a criminal trial are not available under the common law for false arrest. Accordingly, the Court will deny the Defendants' request to include an instruction regarding the elements of assault on a peace officer and grant the motion to exclude the attorney's fees from the criminal trial as an element of damages for the false arrest claim.

**BACKGROUND**

The Defendants requested a jury instruction including the elements of assault on a peace officer. They argued that such an instruction was proper because the circumstances of the incident between the Plaintiff and Officer Hudson may have provided Hudson with a reasonable basis to believe that probable cause existed to arrest the Plaintiff for the crime of assault on a peace officer. It is undisputed, however, that the Plaintiff was not charged with that crime. He was instead charged with two different crimes. The Defendants submitted authorities to the Court regarding this issue. See Defendants' Trial Brief and Authorities on the Related Offense Doctrine and Plaintiff's Inability to Recover Attorney's Fees Related to His Criminal Defense When There is No Malicious Prosecution Claim at 1-2 (Doc. 87).

During trial, counsel for the Plaintiff requested that the jury instruction on damages include as an element the amount of attorney's fees incurred during the underlying criminal trial. The Defendants opposed such an instruction and addressed the issue in their Trial Brief and Authorities. See id. at 2-3. The Defendants argue that recovery of those attorney's fees would only be appropriate if the jury was considering a claim for malicious prosecution. That claim is no longer in this case.

**ANALYSIS**

**I. THE RELATED OFFENSE DOCTRINE DOES NOT PROVIDE AN ADEQUATE BASIS FOR INSTRUCTING THE JURY ON CRIMES WITH WHICH THE PLAINTIFF WAS NOT CHARGED.**

The Defendants contend that the jury should be instructed on the elements of assault on a peace officer. In support of this assertion, they rely upon the related offense doctrine. The related offense doctrine states that:

> A police officer need not actually have had the crime for which probable cause existed in mind at the time of the arrest; rather, the question is whether the conduct that served as the basis for the charge for which there was no probable cause could, in the eyes of a similarly situated reasonable officer, also have served as the basis for a charge for which there was probable cause.

Gassner v. City of Garland, Tex., 864 F.2d 394, 398 (5th Cir. 1989)(citation and internal quotation marks omitted). Other circuits have also recognized this doctrine. See, e.g., Avery v. King, 110 F.3d 12, 14 (6th Cir. 1997)(noting that even where there is no probable cause to arrest the plaintiff for the crime charged, proof of probable cause to arrest the plaintiff for a related offense is also a defense which may entitle the arresting officer to qualified immunity); Gasho v. United States, 39 F.3d 1420, 1428 n.6 (9th Cir. 1994)("Probable cause may still exist for a closely related offense, even if that offense was not invoked by the arresting officer, as long as it involves the same conduct for which the suspect was arrested."); Biddle v. Martin, 992 F.2d 673, 676-677 (7th Cir. 1993)(noting that the doctrine has been applied in cases where a police officer lacked probable cause to make a warrantless arrest for the charged offense based on conduct occurring in his presence but nevertheless possessed arguable or actual probable cause to make arrest for uncharged offense arising from same conduct).

While it may be true that the related offense doctrine has been recognized and applied in a number of circuits, the Court does not understand the doctrine as requiring or mandating that a jury in a civil action for false arrest be instructed on every possible crime for which probable cause may have existed. In the underlying criminal trial, the Plaintiff was charged with two different crimes. The Court instructed the jury on the elements of those two crimes. It is unnecessary to further instruct the jury on crimes with which the Plaintiff was not charged. The Court desires to keep its instructions as concrete and rooted in the facts as is possible, and prefers not to give the jury abstract statements of law about possibilities.

3

Moreover, unlike the cases noted above, this case does not involve questions of qualified immunity or summary judgment. The Court has determined that there are genuine factual issues with respect to the existence of probable cause. Accordingly, the Court denies the Defendants' request for an instruction on assault on a peace officer.

## II. THE COURT WILL NOT ALLOW THE JURY TO CONSIDER THE ATTORNEY'S FEES THE PLAINTIFF INCURRED DURING THE CRIMINAL TRIAL AS DAMAGES FOR FALSE ARREST.

The Plaintiff requested that the instruction to the jury on damages include an element of the attorney's fees incurred during the underlying criminal trial. The Defendants contend that such an instruction is inappropriate because such fees are only recoverable in an action for malicious prosecution, and the Plaintiff is attempting to recover under a claim of false arrest. There is no claim for malicious prosecution remaining in this case. The Defendants have moved the Court to remove attorney's fees for the criminal trial from the instruction on damages.

The Supreme Court of the United States has stated that the common law of torts "defining the elements of damages and the prerequisites for their recovery, provide[s] the appropriate starting point for the inquiry under § 1983 as well." Heck v. Humphrey, 512 U.S. 477, 483 (1994). If we look to the analogous common law tort, the Plaintiff's constitutional claim in this case is much like the tort of false arrest. The Plaintiff contends that he was arrested without probable cause in violation of the Fourth Amendment.

> One problem in assessing damages requires a careful distinction between the claim for false imprisonment or arrest and the claim for malicious prosecution. If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself. If the malicious prosecution claim cannot be established the recovery must be limited to the period of imprisonment, and

4

could not, for example, include attorneys' fees incurred in defending the prosecution. W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on Torts, 888 (5th ed. 1984)(cited and quoted in part in Heck v. Humphrey, 512 U.S. at 484).

At the summary judgment stage, the parties produced evidence that Detective M.J. Davis filed the charges, and the criminal proceedings began, at 2:04 a.m. on November 25, 2000, the day after the incident at Best Buy. Under the common law of false arrest, the Plaintiff's damages would be limited to the period of time before the judicial process began. Because the Court has granted summary judgment on the claim for malicious prosecution, there is no basis for recovery beyond that point. There is no evidence in the record of fees or costs before Davis charged the Plaintiff. Accordingly, the attorney's fees incurred during the criminal trial are not recoverable under a claim of false arrest. Thus, the Court will grant the Defendants' request that the damage instruction omit attorney's fees from the criminal trial as an element of damages.

**WHEREFORE, IT IS ORDERED** that the Defendants' oral motion to include an instruction regarding the elements of assault on a peace officer is **denied**, and the Defendants' oral motion to exclude mention of the attorney's fees incurred by the Plaintiff during defense of the underlying criminal trial when instructing the jury on damages is **granted**.

_____
UNITED STATES DISTRICT JUDGE

Sam Bregman
Eric Loman
The Bregman Law Firm, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*


Kenneth C. Downes
Rick Sandoval
Kenneth C. Downes & Assoc., P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendants*